(122 So. 806)

## BLOCTON CAHABA COAL CO. v. CAMP-BELL. (2 Div. 942.)

Supreme Court of Alabama.   May 16, 1929.

Rehearing Denied June 13, 1929.

David S. Anderson and W. M. Neal, both of Birmingham, and Jerome T. Fuller, of Centreville, for appellant.

Windham & Countryman, of Birmingham, for appellee.

ANDERSON, C. J.   All other essential facts to a recovery not being questioned, the one and only issue for this court to decide is whether or not the deceased, when he received the injuries resulting in death, was acting within the line or scope of his employment.   As stated in brief of counsel for the defendant, "Was the accident, whereby the deceased was killed, an accident arising out of and in the course of his employment?"

The intestate was employed to dig coal in a certain room and had caused an explosion to loosen the same, retiring before the explosion, but as soon as it was over returned to the room, his place of work, to resume digging, but before doing so and before the gas had been removed his unguarded lamp produced an explosion from which he received burns resulting in his death.   It may be conceded that he returned to his work, or room, in violation of a general order of his foreman not to do so until it had been made safe, as well as a rule of the defendant, which was known to him, forbidding his doing so until notified by a foreman or another that the gas had been removed and the room was made safe; yet this would not render his act in returning to the work, for which he had been employed to do and was doing before the explosion, beyond the course or scope of his employment.

The court in Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103, made a distinction between a mere inadvertent violation of a rule and the wanton or intentional violation of same in the determination as to whether or not said violation amounted to willful misconduct as dealt with in the statute, but did not hold or intimate that the violation of same, though amounting to willful misconduct, would necessarily remove the employé beyond the course of his employment, notwithstanding in the violation of same he was engaged in or attempting to do the identical thing he was employed to do.   The deceased here had not abandoned the work he was employed to do, but was attempting to resume same, and the rule or order violated merely forbade a premature return to the work, or doing so except under certain conditions.   He did not go to a prohibited zone or engage in work or an act that was foreign to his employment.

We think the rule as quoted by counsel from Honnold on Workmen's Compensation, p. 390, § 113, is correct and demonstrates that the disobedience to the rule in question did not remove him from the course of his employment.   It says: "Disobedience to an order or breach of a rule is not of itself sufficient to disentitle a workman to compensation, *so long as he does not go outside the sphere of his employment*.   There are prohibitions which limit the sphere of employment, and prohibitions which deal only with

conduct within such sphere. A transgression of a prohibition of the latter class leaves the sphere of employment where it was, and consequently will not prevent recovery of compensation. A transgression of the former class carries with it the result that the man has gone outside the sphere." (Italics supplied).

The deceased here did not go outside the sphere of his employment, but violated a rule or order dealing with conduct within such sphere only.

While not involving the Workmen's Compensation Act, the case of L. & N. R. R. Co. v. Fleming, 194 Ala. 51, 69 So. 125, in determining whether or not the injured employé was within the provision of the Federal Employer's Liability Act (45 USCA §§ 51–59), it was stated: "That he may have acted imprudently, * * * or contrary even to some rule provided for his governance, did not necessarily bar a recovery under the Federal statute, nor put him without the line and scope of his employment."

The case of Ex parte Little Cahaba Coal Co., 213 Ala. 244, 104 So. 422, rather supports than opposes the idea that the intestate here was not acting beyond the course or scope of his employment.

The books abound with authorities from other states, pro and con, which we do not deem necessary to discuss, and prefer dealing with the two leading cases relied upon by defendant.

The case of Walcobski v. Lehigh Valley Co., 278 Pa. 84, 122 A. 238, involved the violation by the miner, not only of a rule or order, but a criminal statute of the state, and the court seems to have regarded the latter as preventing a recovery.

The case of State ex rel. Miller, 138 Minn. 326, 164 N. W. 1012, L. R. A. 1918F, 881, was a case where the servant was a messenger expected to walk except beyond certain limits, where the master furnished his car fare, and the servant was injured when climbing upon and attempting to ride upon a truck not owned or furnished by the master and over which he had no control.

The holding in the case of Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728, is not opposed to the present conclusion.

As to whether or not the deceased was guilty of such willful misconduct as to preclude a recovery had it been presented as defensive matter, we are not called upon to decide, but we do think, and so hold, that the trial court did not err in holding that the deceased was acting within the course of employment when injured.

The writ is denied.

GARDNER, BOULDIN, and FOSTER, JJ., concur.