(124 So. 200)

## BULLARD v. CULLMAN HEADING CO.
### (6 Div. 358.)

Supreme Court of Alabama. May 30, 1929.

Rehearing Denied Oct. 31, 1929.

W. Marvin Scott and A. A. Griffith, both of Cullman, for appellant.

F. E. St. John, of Cullman, for appellee.

ANDERSON, C. J. The relation of master and servant was shown and the sole question presented for review is whether or not the plaintiff employee was injured by an accident "arising out of and in the course of his employment." If the service plaintiff was performing at the time of the injury was outside the scope of his employment, or was not directed or acquiesced in by a representative of the defendant authorized to control such service, defendant would not be accountable. Sloss-Sheffield Steel & Iron Co. v. Harris (Ala. Sup.) 117 So. 755;[1] Louisville & N. R. Co. v. Pettis, 206 Ala. 96, 89 So. 201; Vickers v. Alabama Power Co. (Ala. Sup.) 117 So. 650;[2] Dietzen Co. v. Industrial Board, 279 Ill. 11, 116 N. E. 684, Ann. Cas. 1918B, 764.

"An accident does not arise out of the employment if, at the time, the workman is arrogating to himself duties which he was neither engaged nor entitled to perform." 1 Honnold on Workmen's Compensation, art. 114.

"Where a servant is employed to do a certain service and is injured in the performance of a different service voluntarily undertaken, the master is not liable." 1 Bradberry on Workmen's Compensation (2d Ed.) 459; Utah Copper Co. v. Industrial Commission, 62 Utah, 33, 217 P. 1105, 33 A. L. R. 1327.

The trial court found that the plaintiff was employed by the defendant to bear off heading from a heading machine in defendant's plant, which heading was conveyed from the saw of the heading machine by a revolving chain known and called a "conveyor." The plaintiff took the heading from this conveyor and in turn handed it to a fellow employee to be stacked. On the day plaintiff was injured, he requested his foreman, Tom Anderton, to allow him, in order to rest, to exchange jobs with Asa Smith, a fellow employee, whose duties were to clean the floors in the plant; and, after plaintiff had been cleaning floors a short time, he, the plaintiff, without any authority, knowledge, or acquiescence upon the part of the defendant, or upon the part of Anderton, the foreman, left his job as floor cleaner and began to operate a bolting saw, and, after he had been operating said bolting saw a few minutes, he was injured. The evidence is undisputed that plaintiff exchanged jobs of floor cleaner to that of operating the bolting saw without any authority, consent, direction, or acquiescence upon the part of the defendant or upon the part of any one authorized thereto. In other words, the trial court held that the plaintiff did not meet the burden of showing that he was injured by an accident "arising out of and in the course of his employment," and we are in accord with the conclusion of the trial court.

True, as suggested by counsel for the petitioner, this Workmen's Compensation Act (Code 1923, §§ 7534–7597) should be liberally construed so as to effectuate its beneficent purpose, but we cannot place an injured employee within the influence of same who fails to bring himself within the express requirement of the law.

---

[1] 218 Ala. 130.
[2] 218 Ala. 107.

The writ must be denied, which is accordingly done.

SAYRE, THOMAS, and BROWN, JJ., concur.

## On Rehearing.

ANDERSON, C. J. We cannot assent to the contention or suggestion that the injury arose out of the employment, if occurring on the master's premises, and out of an act performed or attempted in furtherance of the master's interest, or for his benefit. We cannot subscribe to the idea that, when a servant is employed to perform certain duties not at all dangerous, and without the consent, express or implied, of the master, departs therefrom and engages in something else, which may be dangerous or hazardous, and not growing out of the work assigned him or incident thereto, is within the Compensation Act, if injured as a result of his departure from the course of his employment, notwithstanding he may have been performing an act which he may deem was beneficial to the master.

Our case of Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728, is in no sense in conflict with the present holding. There the plaintiff, a miner, was injured while pulling down or removing a rock incident to his mining operations, and there was evidence tending to show that it was a part of his duties to remove the rock, that this was the custom, and the defendant paid the miners for "doing 'yardage,' and the removal of such loose rock was embraced in the term 'yardage.' "

The case of State ex rel. Duluth Co. v. District Court, 129 Minn. 176, 151 N. W. 912, strikes the writer as close, if not beyond, the border line, yet it is unlike the case at bar. There it was the duty of the employee to get and replace the light bulbs, and he was injured while attempting to make or fix an instrumentality for opening the place where the bulbs were located, instead of getting the key from the foreman. The court proceeded upon the idea that it was the duty of the employee to get the bulbs, and that making preparations to enter the place where they were stored was an incident to his employment, and that the fact that he discharged his duty by procuring a means of entry different from the regular method did not amount to such a departure from the duties of his employment so as to place him beyond the influence of the Compensation Act (Code 1923, §§ 7534–7597).

Here we have a case where the plaintiff was assigned a duty totally different from the one in which he was engaged when injured, one harmless and the other to some extent dangerous, each independent of and disconnected from the other, and the master could not be liable, in the absence of an express or implied consent to the discharge of the new duties.

In the case of Ramczik v. Winona Co., 174 Minn. 156, 218 N. W. 545, the plaintiff had departed from the regular course of his employment, and did so without being asked, "but with the knowledge and in the presence of the foreman, who at least made no objection," the result being that there was an implied consent.

In the case of Nygaard v. Throndson Bros., 173 Minn. 441, 217 N. W. 370, the plaintiff was injured while in the employment of the defendant, and in the presence of and under the direction of the master.

That there was such a departure, so as to remove the plaintiff from the protection of the Compensation Act, there can be no doubt, and as heretofore stated, unless the change was made with the consent of the defendant, express or implied, there could be no liability. True, some of the evidence shows that Anderton consented on previous occasions to the exchange of work by the employees, and, if this stood alone, there might be a basis for the finding of an implied consent; but the testimony of Anderton negatives an express consent or such a usage or custom, for the exchange of such work as here involved to raise a reasonable inference of an implied consent. At least, the trial court in effect so found, and we have repeatedly held that the finding of the trial court will not be disturbed, when there is any legal evidence in support of the conclusion, and this rule must be invoked in cases where the award is denied, as well as where there has been a judgment favorable to the plaintiff.

Rehearing denied.

SAYRE, THOMAS, and BROWN, JJ., concur.