(130 So. 74)

## JONES v. SLOSS–SHEFFIELD STEEL & IRON CO.

6 Div. 680.

Supreme Court of Alabama.

June 14, 1930.

Rehearing Denied Oct. 9, 1930.

Windham & Countryman, of Birmingham, for appellant.

548

Bradley, Baldwin, All & White, W. M. Neal, and L. B. Bewley, all of Birmingham, for appellee.

GARDNER, J.

Petitioner seeks recovery under our Workmen's Compensation Statute (Code 1923, § 7543 et seq.) for the death of her son, Fred Henry, an unclassified laborer in defendant's mine, who met his death by accident in the slope of the mine in the early morning while presumably on his way to his place of work at the bottom of the mine one-half mile distant from where his body was found. This slope was a dangerous, unlighted, and narrow place upon which trip cars were operated frequently and rapidly without lights. Employees were forbidden the use of this slope, either to ride the trip of cars or walk upon it, and such prohibitory rule was known to deceased. The defendant provided a walkway, called "manway," as a means of ingress and egress to and from the mine for the use of employees.

The trial court concluded from the proof that at the time of his death the employee "was in a dangerous zone, contrary to the orders of the defendant, communicated to him, and where his services did not require his presence, and * * * voluntarily placed himself in a dangerous and hazardous position, outside the sphere of his employment." So concluding, compensation was denied.

■■ We are of the opinion the ruling is correct. "It is not sufficient that the injury occurs in the course of the employment. It must also arise out of the employment. * * * It must be an accident resulting from a risk reasonably incidental to the employment." Sloss-Sheffield Steel & Iron Co. v. Jones, 220 Ala. 10, 123 So. 201, 202. The authorities are in general agreement that the employer has the right to limit the sphere of employment of the workman and prohibit him from working in a dangerous place. Numerous cases, both English and American, touching this question, are reviewed and discussed by the Michigan court in Gacesa v. Consumers' Power Co., 220 Mich. 338, 190 N. W. 279, 24 A. L. R. 675. The principle above noted was recognized by this court in Ex parte Little Cahaba Coal Co., 213 Ala. 244, 104 So. 422, 424, where was used the following language: "If the employee leaves his post and goes without cause into a place of known danger against orders, * * * he may, * * * so place himself outside the course of employment as to defeat the right of compensation." And in the still more recent case of Blocton Cahaba Coal Co. v. Campbell, 219 Ala. 529, 122 So. 806, the rule announced in section 113 of Honnold on Workmen's Compensation was expressly approved as follows: "Disobedience to an order or breach of a rule is not of itself sufficient to disentitle a workman to compensation, *so long as he does not go outside the sphere of his employment.* There are prohibitions which limit the sphere of employment, and prohibitions which deal only with conduct within such sphere. A transgression of a prohibition of the latter class leaves the sphere of employment where it was, and consequently will not prevent recovery of compensation. A transgression of the former class carriers with it the result that the man has gone outside the sphere." Cases of a kindred character to that here considered are Bullard v. Cullman Heading Co., 220 Ala. 143, 124 So. 200, and Sloss-Sheffield Steel & Iron Co. v. Jones, 220 Ala. 10, 123 So. 201.

■ Counsel for petitioner are impressed that the case for defendant presents at best willful misconduct of the employee, which is only available when pleaded, and as to which the burden of proof rests upon defendant. Section 7544, Code 1923. But the willful misconduct there considered is that occurring within the sphere of employment. The distinction is made in the quotation above noted. "There are prohibitions which limit the sphere of employment, and prohibitions which deal only with conduct within such sphere. A transgression of a prohibition of the latter class leaves the sphere of employment where it was, and consequently will not prevent recovery of compensation. A transgression of the former class carries with it the result that the man has gone outside the sphere." The distinction is discussed in the Gacesa Case, supra, and was expressly recognized in

 

Ex parte Little Cahaba Coal Co., supra, the court saying: "With us the distinction between acts of willful misconduct and those outside the course of employment is to be observed because of difference in form of pleading, burden of proof, and the right of trial by jury." But further discussion is unnecessary.

■ The employee voluntarily placed himself in a prohibited zone of danger and outside the sphere of his employment. The accident was not one arising out of and in the course of the employment. The writ must be denied.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.