139 So. 97

## COHEN v. BIRMINGHAM FABRICATING CO.

6 Div. 822.

Supreme Court of Alabama.

Jan. 14, 1932.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellee.

R. J. McClure, of Birmingham, for appellant.

**GARDNER, J.**

Hickson Lambert was originally employed by the Birmingham Fabricating Company as a salesman, and at the time of his death on June 24, 1929, had been promoted to sales manager. He was so employed when he met his death in assisting laborers in the unloading of a car of steel by use of a crane. The trial judge found from the evidence that Lambert "was not authorized by the defendant to assist the common laborers or foreman in connection with the performance of the work assigned to such laborers and foreman," and that in fact what he was doing at the time he was killed was in violation of instructions theretofore given him by the defendant's manager, and without any emergent necessity therefor. After a further detailed recital of the facts showing the loading of the crane by Lambert, over the objection of the

foreman and laborers, far beyond its capacity, his taking hold of the chain of the crane and thus assisting in lifting the steel from the car, and his fatal injury by the crane breaking and falling, the trial judge concludes his finding as follows: "The court finds as a fact in this case that at the time of the injury and death of the said Hickson Lambert the said injury and death did not arise out of and in the course of his employment by the defendant; that at the time of his injury and death, he had departed from the sphere of his employment, and was without the sphere of his employment by defendant."

It is the settled rule that the finding of the trial court will not be disturbed when there is any legal evidence in support of the conclusion, and that this rule is to be invoked in cases where the award is denied as well as where there has been a judgment favorable to the plaintiff. Bullard v. Cullman Heading Co., 220 Ala. 143, 124 So. 200.

Upon the merits of the case the sole question arises as to whether or not there appears legal evidence in support of the trial court's finding and conclusion. The defendant's vice president and general manager testified that he employed Lambert as a salesman. His instructions were to solicit business, to get orders; that Lambert had on some previous occasions gone into the shop and interfered with the workmen, to which objection had been interposed. This witness then stated: "I had spoken to him at least three times about being out there and told him that he was butting in on the shop operations, and I thought he did more harm than good and not to interfere outside his jurisdiction. * * * I gave him definite instructions to that effect. * * * I told him to let the shop operations alone because he didn't know anything about practical shop work. It was dangerous to him, I had warned him to keep out of the shop entirely. He was doing a heap more harm than good. My instructions to him were final. * * * At the time of the injury he was butting into the car of steel. There was no reason for him to get in the steel. * * * I don't see where he had any business in the car at all. * * * The labor foreman that handled the car would check up the delivery of steel that came into the plant. He was competent to do that." That Lambert was very enthusiastic in his work, and to the point of being somewhat "officious," was also the testimony of the manager, but he was of the opinion that "what he was doing did not further the interest of the company." But the fact that Lambert may have had the best of intentions, and performing an act which he deemed beneficial to the company, would not under our Workmen's Compensation statute (Code 1923, § 7534 et seq.) of itself suffice to fasten liability upon the company, employer. Bullard v. Cullman Heading Co., supra.

We think the foregoing reference to the tendency of the proof sufficiently demonstrates that the finding and conclusion of the trial court finds ample support in the evidence, and that the accident and consequent death of Lambert did not arise out of and in the course of his employment by the defendant. Bullard v. Cullman Heading Co., supra; Sloss-Sheffield Steel & Iron Co. v. Jones, 220 Ala. 10, 123 So. 201; Jones v. Sloss-Sheffield Steel & Iron Co., 221 Ala. 547, 130 So. 74; Ex parte Coleman, 211 Ala. 248, 100 So. 114.

Counsel for petitioner insists there is evidence tending to show that Lambert as salesman or sales manager was interested in having the orders promptly filled and that to go into the shop and ascertain in regard to the progress of the work was within the scope of his employment, and that, therefore, his duties were of a wider range than those in the cases above noted. We are cited to Ex parte Terry, 211 Ala. 418, 100 So. 768, wherein it is held that an employee's injury may be properly held to have arisen out of his employment notwithstanding that the act or conduct of the employee, to which the injury is proximately referable, was not within the scope of his authority nor strictly within the line of his duty, provided it was reasonably related to the service he was employed to render and was in good faith done or undertaken in furtherance of the employer's business.

We adhere to that holding, but consider that authority inapplicable here. However interested Lambert may have been in seeing that the orders he procured were promptly and correctly filled, the evidence is ample to the effect that his assisting the laborers in unloading steel with the crane was not only *not reasonably related to the service he was employed to render*, but was also in direct violation of the instructions given him by the defendant's manager.

Petitioner insists that the answer was subject to her demurrer, but we have held that technical precision as to pleading is not required in cases of this character. But, in any event, the answer seems to meet all substantial requirements, and, indeed, in this particular case a general denial of the averments of the petition would have sufficed to present the question here determinative thereof.

Argument is made also that the answer was filed on the day of the hearing, and not within five days prior thereto as required by section 7578, Code of 1923. But this insistence overlooks the fact that during the intervening time defendant had on file a demurrer to the complaint undisposed of, and the further fact that no question was raised upon this point in the trial court, but the hearing proceeded without objection or any suggestion that further time was desired. The matter was one subject to waiver.

70

Upon due consideration of the record, we find no occasion to disturb the ruling of the trial court, and the petition for certiorari must therefore be denied, and the judgment affirmed.

Certiorari denied. Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.