146 So. 271

**ALABAMA CONCRETE PIPE CO. v. BERRY
et al.**

**6 Div. 223.**

Supreme Court of Alabama.
Jan. 12, 1933.

Rehearing Denied March 2, 1933.

London, Yancey & Brower and J. Kirkman Jackson, all of Birmingham, for appellees.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellant.

KNIGHT, Justice.

Irene Berry, a minor, suing by her next friend, filed her complaint in the circuit court of Jefferson county against the petitioner here, the Alabama Concrete Pipe Company, seeking the recovery of compensation for the death of her father, Elvie R. Berry, whose death, she alleged, was caused by an accident arising out of and in the course of his employment. His death occurred on October 2, 1931.

It was admitted in the answer of the defendant that the said Elvie R. Berry on October 2, 1931, was an employee of the Alabama Concrete Pipe Company, a body corporate, and that the said Elvie R. Berry and the said company, on said date, were subject to the provisions of the Workmen's Compensation Act of Alabama (Code 1928, § 7534 et seq.), in and about the work the said Berry was performing for the defendant on said day.

The defendant, however, denied that the deceased was acting within the line and scope of his employment when he was injured, and the defendant also denied that the injury and death of the deceased arose out of and in the course of his employment by defendant, or were due to an accident which arose out of or in the course of his employment. Defendant charged that the injury and death of the said Elvie R. Berry were caused by the willful misconduct of said Berry, or his intention to bring about his death or injury, or the same was caused by his willful failure or willful refusal to use safety appliances provided by the defendant as his employer, or the same was caused by wilful breach by deceased of a reasonable rule or regulation of the defendant, which was known to the deceased.

The defendant also filed a demurrer to the amended complaint, and it is here insisted that the court committed error in overruling this demurrer.

While technical precision in pleading is not required in cases arising under the Workmen's Compensation Act, yet a careful reading of the amended complaint discloses that it is not subject to any ground of demurrer interposed, and here argued. Cohen v. Birmingham Fabricating Co., 224 Ala. 67, 139 So. 97; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 531, 93 So. 425.

It is earnestly insisted that the trial court did not fully and fairly set out the facts in its finding of facts in the case, in that the court wholly failed to set out any part of the evidence offered by the defendant tending to show that the defendant had an established rule, which forbade its truck drivers, and those working upon the trucks, and riding thereon, from jumping on and off the trucks until the trucks were first brought to a stop; and also failed to set out, in its finding of fact, that the deceased was warned,

just before he stepped from the moving truck, that the driver intended to stop it, in order that he might alight; and that, notwithstanding this warning, the deceased alighted from the truck, before it was brought to a stop, remarking: "Oh hell: I can make it."

It is also urged that this court can and will look to the bill of exceptions in such cases "to determine the question of law, whether there was any substantial evidence before the court to support the court's findings, or any material part thereof."

This court, in the case of Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458, committed itself to the proposition that, when the judge has not complied with the mandatory requirements of the statute, as to setting out a full and fair statement of the facts, the aggrieved party is entitled to a bill of exceptions for the purpose of getting the facts before this court. So, the petitioner in this case has presented here his bill of exceptions, which purports to set out in extenso the evidence introduced on the trial of the cause.

The insistence that the defendant was not given, within ninety days after the accident, notice of said accident, and of the death of the deceased, and that compensation would be claimed therefor, is wholly untenable, and without merit. Not only does it appear that the defendant had actual knowledge of the accident, and death due thereto of the deceased, on the day it occurred, or the next day thereafter, but the evidence shows without doubt that the minor through her attorney, within ninety days after the accident, gave notice as required by the statute to the defendant by registered mail. And we are fully persuaded that this registered notice reached the proper official. Not only does this abundantly appear in the evidence, but it also appears that the defendant, for a number of months after the death of Berry, actually paid compensation to his widow at the rate of $5 per week, and only ceased paying when the present litigation was commenced by the minor child of the deceased, and the reason then given the widow for stopping the payments was the filing of the present suit and claim by this infant child of deceased, by a former wife.

The court below found from the evidence that the deceased was, on the day he received his injuries, a helper on one of defendant's trucks and, during the regular hours of his employment, was proceeding with a truck from Birmingham to Tuscaloosa to deliver a load of pipe. On this trip the truck, upon which the deceased was employed as a helper, broke down, between Birmingham and Tuscaloosa, making it impossible to further operate it without repairs. While waiting for a mechanic to come and repair the truck, another truck of defendant came

along and stopped, and the deceased got upon this second truck for the purpose of riding to the nearest point where he could get drinking water; that this point was about one half mile up the road toward Birmingham. There was no drinking water available at the point where the disabled truck was parked, or in its vicinity. The court further found that after the deceased had gotten upon the second truck, he rode thereon to a point where the highway was entered by a path leading from the highway to a point where there was an artesian well; that in alighting from said truck prior to its coming to a complete stop, the deceased fell and was run over by said truck, thereby sustaining the injuries which shortly thereafter resulted in his death.

■ The fact that the deceased had temporarily abandoned the disabled truck to go after a drink of water did not serve to remove him from his line of duty or course of employment. Nor, while so engaged in going after needed water, did he cease to be an employee of the defendant, nor was he out of his line of duty. For as stated by Bradbury in his Treatise on Workmen's Compensation, vol. 1 (2d Ed.) 450: "While the mere act of getting water is not a part of the duties of the employee, yet it is a physical necessity which must be attended to while the employee is engaged in his duties, and he is entitled to the same protection in the interval when he leaves his work to get water as when he is actually at work, and whether the water is provided by the employer, or by himself, the employee has a right to pass over the ways provided by the employer, in going to and from the place where his thirst is slaked." Birmingham Rolling Mill Co. v. Rockhold, 143 Ala. 115, 42 So. 96.

· ■ Inasmuch as the deceased was within the course of his employment, and constructively within the sphere of the same, the question then arises: If it be true that deceased stepped off the truck, while it was still moving, and which was in violation of one of the defendant's rules governing its employees, in getting on and off moving trucks, does that fact, of itself, prevent a recovery of compensation? We think not.

This court has drawn a line of demarkation between prohibitions which limit the sphere of employment and prohibitions which deal only with conduct within such sphere. It must be borne in mind that the deceased, in going after water to slake his thirst, did not go outside the sphere of his employment.

In the case of Blocton Cahaba Coal Co. v. Campbell, 219 Ala. 529, 122 So. 806, 807, this court gave its unqualified approval to the rule stated by Mr. Honnold, in his Treatise on Workmen's Compensation, § 113, as follows: "Disobedience to an order or breach of a rule is not of itself sufficient to disentitle a workman to compensation, *so long as he does not go outside the sphere of his employment.* There are prohibitions which limit the sphere of employment, and prohibitions which deal only with conduct within such sphere. A transgression of a prohibition of the latter class leaves the sphere of employment where it was, and consequently will not prevent recovery of compensation. A transgression of the former class carries with it the result that the man has gone outside the sphere." (Italics supplied.)

In this view of the law we feel that we are supported both by the text-writers and by the great weight of authority, both English and American. Inasmuch as the deceased was within the sphere of his employment when he received his fatal injury, the fact that, in alighting from the truck, before it came to a complete stop, he may have violated a known and reasonable rule of his employer in doing so, will not prevent recovery of compensation. The transgression did not carry with it the result that the deceased had gone outside the sphere of his employment. In this view of the case, it is of no moment to petitioner that the lower court in its finding of facts omitted all reference to the rule promulgated by the employer as to boarding and getting off trucks while in motion, and its violation by deceased. It could not change the conclusion reached in the case.

We are, upon consideration of the evidence, in accord with the judgment and conclusion of the lower court, and the writ of certiorari will be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.