174 So. 622

### MOSS et al. v. HAMILTON.
### 6 Div. 80.

Supreme Court of Alabama.

May 20, 1937.

Benners, Burr, McKamy & Forman, of Birmingham, for appellants.

S. T. Wright, of Fayette, and Pennington & Tweedy, of Jasper, for appellee.

GARDNER, Justice.

Defendants (petitioners here) seek a review of an award of compensation to W. G. Hamilton, who was seriously injured while employed in defendants' mine. Hamilton was employed on the night shift, and that the injury occurred at the mines while on his way to his place of work is not controverted. Nor is it controverted that he was being transported by agents or servants of defendants along the usual and customary route, as the miners had working implements to carry, and defendants' agents thus assisted them in the matter of transportation.

The finding of the trial court that it was the custom of defendants' employees to ride the cars or motors from a place near the entry of the mines to their several working places, and that these employees would usually ride either on the cars or the motors, notwithstanding a rule prohibiting employees from riding the motors, is amply sustained by the proof.

On the occasion in question Hamilton was first riding in the car, and then got on the motor, where he received his injury. There is much proof that this custom of riding on the motor was well understood, and acquiesced in by the foreman, who at night had all the men under his supervision and control. As McGaha, night foreman when Hamilton was injured, states it: "I am the boss of the mines while I am there at night." And there was much proof that the night foreman knew the men were riding the motor to their work, that he has ridden with

them, and has been on the motor with the plaintiff. Other night foremen also permitted the men to ride the motor, and such had been the custom for a number of years.

True, defendants established a rule against it, passed doubtless for better safety and in harmony with section 1717, Code of 1923. But the proof is abundant that the rule was, with the knowledge and acquiescence of the foremen in charge of these men, more honored in the breach than in the observance, and was wholly disregarded. The finding of the court to this effect is fully sustained.

Hamilton insists he knew of no such rule, and has no recollection of receiving a copy of the rules of the company. And there is no insistence here that compensation should be denied upon the ground of a willful violation of a known rule. But the argument for defendants is rested upon the theory that Hamilton, the employee, in riding upon the motor in violation of the rule, took himself outside the sphere of his employment, and that relief should be denied him upon the authority of Sloss-Sheffield Steel & Iron Co. v. Jones, 220 Ala. 10, 123 So. 201; Bullard v. Cullman Heading Co., 220 Ala. 143, 124 So. 200; Blocton Cahaba Coal Co. v. Campbell, 219 Ala. 529, 122 So. 806; Jones v. Sloss-Sheffield Steel & Iron Co., 221 Ala. 547, 130 So. 74; Cohen v. Birmingham Fabricating Co., 224 Ala. 67, 139 So. 97, from our own jurisdiction; and Lumaghi Coal Co. v. Industrial Commission, 318 Ill. 151, 149 N.E. 11; Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, 139 A. 192; Industrial Commission v. Ahern, 119 Ohio St. 41, 162 N.E. 272, 59 A.L.R. 367, among others, from other jurisdictions. All of which have been duly considered, including the general statement found in 71 Corpus Juris, 669.

These authorities, we think, are readily distinguishable from the instant case. Much depends, of course, upon the particular facts, and to point out the matters of differentiation of each case would serve no useful purpose and extend this opinion to undue length.

■■ Our authorities, as well as those elsewhere, have drawn a clear distinction between prohibitions which limit the sphere of employment, and prohibitions which deal only with conduct within that sphere. A transgression of a prohibition within this latter class leaves the sphere

of employment where it was, and of consequence will not prevent recovery, while a transgression of the former class carries with it the result that the employee has gone outside of the sphere. In Jones v. Sloss-Sheffield Steel & Iron Co., supra, upon which defendants lay much stress, the court but gave application to this distinction upon the facts presented. There the employee had gone into the slope of the mine, a dangerous, unlighted, and narrow place upon which trip cars were operated frequently and rapidly without lights, and which was forbidden to be used either to ride the trip cars or walk upon it. This prohibition was known to the employee, and the employer provided a walkway, called "man-way," as a means of ingress and egress to and from the mine for the use of the employees. The holding was that the employee had thus voluntarily placed himself in a prohibited zone of danger and outside the sphere of his employment.

■ But in the instant case no such facts are presented. The employee was in no prohibited zone, but was on his way to work following the usual custom, and clearly within the sphere of his employment as he was being transported by his employer to his place of work.

At best, therefore, all that can be said for defendants is that in being thus transported plaintiff violated the rule of prohibition against riding on the motor, a transgression of a prohibition within his sphere of employment, as distinguished from the Jones Case, supra, where the transgression of the prohibition took the employee outside his sphere of employment.

So, likewise, in the case of Cohen v. Birmingham Fabricating Co., supra, where a salesman, promoted to sales maanger, left his sphere of employment and, in violation of instructions, assisted laborers in unloading a car of steel. Like distinction may be pointed out in the other cases from this jurisdiction and elsewhere, upon which defendants rely; but we forego further elaboration.

Illustrative and supporting in principle the finding in the instant case are: Alabama Concrete Pipe Co. v. Berry, 226 Ala. 204, 146 So. 271, and Blocton Cahaba Coal Co. v. Campbell, 219 Ala. 529, 122 So. 806. Here, as in those cases, the employee did not go out of his sphere of employment, but at most violated a rule

184

dealing with conduct within such sphere. And in addition to this, the proof is abundant that such violations were constantly permitted by those in charge of the men, and who at the time represented these defendants.

We entertain the view the finding of the trial court was sustained by the proof, and that the writ should be denied. It is so ordered.

Writ denied. Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.