196 So. 877
### MORGAN v. CITY OF GUNTERSVILLE.
### 8 Div. 45.

Supreme Court of Alabama.
June 20, 1940.

[1] Ante, p. 650.

Nash & Waid, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellee.

GARDNER, Chief Justice.

Compensation is sought under our Workmen's Compensation Statute (Section 7534 et seq., Code 1923) for the death of J. B. Morgan, an employee in the electric department of the City of Guntersville.

Upon conclusion of the testimony the trial court entered the following finding of facts:

"That decedent was on the day of the injury employed by the City of Guntersville Electrical Department, and had a short time before the injury been sent to remove or assist in removing an electric pole which stood in the way of some work being done by the Street Department in straightening a ditch in the street on which the pole stood; that decedent was seen to unload his tackle and tools near the pole; that soon after this he was seen engaged in the work of removing or assisting to remove a stump on the same street which also stood in the way of the work being done by the Street Department, and the removal of which was a function or task of the Street Department; that he was injured while so engaged.

"It is therefore the conclusion of the Court that the decedent at the time of his injury was acting outside the course of his employment, and that the complainant is therefore not entitled to recover."

It is the settled rule that the finding of the trial court will not be disturbed when there is any legal evidence in support of the conclusion, and that this rule is to be invoked in cases where the award is denied as well as where there has been

judgment favorable to the plaintiff. Cohen v. Birmingham Fabricating Co., 224 Ala. 67, 139 So. 97.

██ .We have read all the proof and find ample legal evidence to sustain the trial court's finding of facts. The testimony tends to show Morgan's employment was confined to the electric department and that it was his duty to remove and re-set electric poles. For that purpose he went with his tools to where the street department was widening a ditch to remove the pole that stood in the way. Some thirty feet from the pole was a stump. The removal of this stump was a part of the work of the street department and so far as this record discloses in no manner concerned the work of Morgan or the electric department. Morgan had reached the place where the pole was and unloaded his tools. It is to be inferred that sufficient of his force had not arrived to remove the pole as the workman who was to cut the wires had not then come upon the scene. Morgan had arrived and some ten minutes before the accident inferentially it appears he must have been helping with the tractor in removing the stump, though the proof is meager and uncertain as to exactly what he was doing when the fatal accident occurred, or in fact exactly how it happened.

██ Clearly enough, however, he was not engaged in the work for which he was called and expected to do, that is, the removal of the electric pole. The rule is established that where a servant is employed to do a certain service and is injured in the performance of a different service voluntarily undertaken, the master is not liable. Sloss-Sheffield Steel & Iron Co. v. Jones, 220 Ala. 10, 123 So. 201; Cohan Bullard v. Cullman Heading Co., 220 Ala. 143, 124 So. 200, 201. In this latter case the court observed: "True, as suggested by counsel for the petitioner, this Workmen's Compensation Act (Code 1923, §§ 7534–7597) should be liberally construed so as to effectuate its beneficent purpose, but we cannot place an injured employee within the influence of same who fails to bring himself within the express requirement of the law."

The only question here presented is whether or not there was legal evidence sustaining the trial court's finding, and we consider further discussion unnecessary to demonstrate that such is the case.

The authorities noted by appellant (among them Mobile Liners, Inc., v. Mc-Connell, 220 Ala. 562, 126 So. 626; Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte Terry, et als., 211 Ala. 418, 100 So. 768; Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 109 So. 878; Howard Odorless Cleaners, Inc., v. Blevins, 237 Ala. 210, 186 So. 141) lend no support to a contrary conclusion. They merely recognize the rule that if the act was reasonably related to the service and was done in good faith in furtherance of the master's business, it need not be an anticipated risk.

But here the trial court, with supporting legal evidence, finds the act was not reasonably related to the service for which Morgan was employed, and the rule, therefore, can find no application.

We find no justification for a disturbance of the trial court's ruling, and of consequence the writ is denied and the judgment here affirmed.

Writ denied. Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.