67 So.2d 12

**BASS v. COWIKEE MILLS.**

**4 Div. 727.**

Supreme Court of Alabama.

Aug. 6, 1953.

Brown & Steagall, Ozark, for appellant.

Chas. O. Stokes and Val L. McGee, Ozark, for appellee.

LIVINGSTON, Chief Justice.

Certiorari having been granted on the petition of Albert Bass, plaintiff in the court below, appellant here, this proceedings is to review, within the limitations of certiorari, a judgment or decree of the Circuit Court of Dale County, Alabama, denying compensation to the plaintiff in an action under the Workmen's Compensation Law of the State of Alabama.

This is the second appeal in this case, this court having previously reversed the case solely on the ground that the trial judge failed to make a finding of fact as required by Section 304, Tit. 26, Code of 1940. The former appeal is reported in 257 Ala. 280, 58 So.2d 589.

After the case was remanded to the lower court, it was tried again before the Circuit Court of Dale County, and was submitted on the testimony and the record of the first trial and additional testimony of the appellant.

The gravamen of appellant's cause of action is stated in his complaint as follows:

"that he slipped or stumbled and fell against the end of a broom handle while he was sweeping the floor in Defendant's mill at Ozark, Alabama; as a result of said injuries he lost the sight of his right eye, and as to all of which the Defendant has had due notice."

The defendant in the court below, appellee here, relied on two defenses to the stated cause of action: First, that appellant failed to give notice to the employer of the accident, as provided by Title 26, Sections 294–295, Code of Alabama 1940; and, second, that appellant did not lose the vision in his eye as a result of an accident arising out of and in the course of his employment; but that if appellant did lose the vision in his eye, it was the result of a non-occupational disease.

The trial judge, after hearing the testimony ore tenus, resolved the issues raised by the pleadings in favor of the defendant in the court below. He found, as a fact, that the appellant did not give notice to the employer of the accident which he claims destroyed the sight of his right eye. The trial court also found, as a fact, that appellant did not lose the vision of his eye as the result of an accident arising out of and in the course of his employment.

We pretermit a discussion of the question of notice to the employer for the simple reason that if the loss of appellant's vision in his right eye was not the result of an accident arising out of and in the course of his employment with the appellee, he would not be entitled to recover.

On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by the trial court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to the plaintiff. Our review here on certiorari is confined to questions of law apparent upon the face of the record. Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Big Four Coal Mining Co., 213 Ala. 305, 104 So. 764; Warrior Stone & Contracting Co. v. De Foor, 241 Ala. 227, 2 So. 2d 430; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46; H. C. Price Co. v. Lee, 249 Ala. 230, 30 So.2d 579; Riddle v. Smith, 252 Ala. 369, 41 So.2d 288; Swift & Co. v. Rolling, 252 Ala. 536, 42 So.2d 6; Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270; Bullard v. Cullman Hardware Co., 220 Ala. 143, 124 So. 200; Cohen v. Birmingham Fabricating Co., 224 Ala. 67, 139 So. 97; Baughn v. Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648; Ex parte Shaw, 210 Ala. 185, 97 So. 694.

Where testimony is conflicting, but there is testimony supporting the finding of the trial court in proceedings under the Workmen's Compensation Act, such finding is conclusive. Martin v. Sloss-Sheffield, etc., 216 Ala. 500, 113 So. 578.

There is no sort of doubt but that the testimony of Dr. John A. Keyton, an eye specialist, whose qualifications were admitted, supports the finding by the trial judge that the loss of vision in appellant's right eye was not caused by a lick or blow, and that the same did not arise out of and in the course of appellant's employment to the appellee. Dr. Keyton testified, in substance, as follows: that he examined plaintiff's eye at his office in Dothan, Alabama, on September 23, 1949, the day after plaintiff insists he was injured by the broom; that plaintiff at this time gave no history of being hit in the eye by a broom or of hurting his eye in any way; that he observed no trauma, contusion, sign or evidence of any external injury, nor any bleeding; that if appellant had been hit in the eye with sufficient force to lose the vision, there would have undoubtedly been some external sign or evidence of such; that from his examination of the eye, it was his positive opinion that appellant lost the vision as a result of a disease, and not as a result of being hit by a broom, as appellant now claims. Dr. Keyton further testified that the loss of vision was occasioned by a disease of long standing, some 12 or 18 months, and was definitely not caused by a lick or blow received on the day previous. Other witnesses testified that appellant had told them that his vision had gone dim before but had "come back."

Appellant insists that this court may review legal conclusions of the trial court drawn from the evidence, and in support cites Houser v. Young, 247 Ala. 562, 25 So.2d 421, and Sloss-Sheffield Steel & Iron Co. v. Thomas, 220 Ala. 686, 127 So. 165. Admitting appellant's proposition to be true and correct, it and the cases cited in support thereof have no application here. As to how appellant lost the vision of the eye is a question of fact.

We find no error to reverse and the case is accordingly affirmed.

Affirmed.

All the Justices concur.