85 So.2d 893

**Josie B. JACKSON**

v.

**W. L. SMITH POULTRY CO.**

6 Div. 920.

Supreme Court of Alabama.

Dec. 22, 1955.

Rehearing Denied March 22, 1956.

M. B. Grace, Birmingham, for appellant.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

MERRILL, Justice.

Certiorari was granted on petition of the plaintiff Josie B. Jackson to review a final judgment of the Circuit Court of Jefferson County, awarding compensation to her for the loss of her right thumb while she was an employee of W. L. Smith Poultry Company on May 28, 1954. At the trial it was agreed that the plaintiff had been hurt in a compensable accident and the two questions presented to the lower court were the extent of her injuries and the amount of her average weekly earnings.

The lower court found that the plaintiff's average weekly earnings at the time she sustained the accident were $26.51 per week and that the plaintiff was entitled to receive 55% of her average weekly earnings for a period of 60 weeks as a result of the loss of her right thumb. Code 1940, Title 26, § 279(C) 1, as amended.

The plaintiff contends that the evidence shows that her average weekly earnings were in excess of $26.51, but her main contention is that the evidence shows that she has been permanently injured in her right arm and that the trial court erred because it did not make any finding of fact and conclusion of law with reference to the claimed permanent, total disability to plaintiff's right arm; and that since there was no such finding of fact, the cause must be reversed.

The plaintiff was employed on the poultry processing line and it was her duty to place or turn the chicken a certain way on a machine in order that the person working next to her could decapitate the fowl. When the accident occurred, plaintiff's thumb had been caught in "the rack" and before the electric current which operated the machine could be turned off, plaintiff's thumb had been partially amputated. She was immediately taken to a Dr. Fisher, who finished taking off the thumb, smoothed up the stump and dressed it. When she returned to the plant, the worker next to her showed her the amputated part of the thumb which had been taken out of the machine, to which was attached a cord-like tissue which, it was agreed by the doc-

tors, must have been a tendon. She was then sent to Dr. W. G. Thuss, who put her in a hospital where she remained for more than a week. He continued to treat her until such time as he gave her a certificate that she was able to resume her work.

On the trial, plaintiff testified that her right arm hurt her and that she was unable to iron, wash or sweep without pain and that cooking was the hardest work she could do without her arm hurting her. Dr. Thuss testified that it was considered good surgery to remove the tendon when amputating a thumb; that even though plaintiff still retained a stump of her thumb, that the loss of the thumb should be considered 100%; that she did not sustain any other disability as the result of this injury and that there was no connection between the pain in her arm and the loss of the thumb. Dr. L. D. Green testified that the loss of a tendon would cause the plaintiff to lose the "true function of her arm" and that if she had lost the end of the thumb and the described tendon and suffered pain, that pain, in his judgment would be the result of the loss of the tendon.

As to her average earnings, the defendant testified that she drew various amounts per week, sometimes $30, sometimes $28, sometimes $26 and some weeks in the summer, as little as $13.50. The defendant introduced in evidence a statement of the gross amount of plaintiff's earnings from June 8, 1953 to June 7, 1954, which shows the average weekly earnings to be $26.51.

In our case of Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12, 13, we said:

"On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by the trial court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to the plaintiff.

Our review here on certiorari is confined to questions of law apparent upon the face of the record. Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Big Four Coal Mining Co., 213 Ala. 305, 104 So. 764; Warrior Stone & Contracting Co. v. De Foor, 241 Ala. 227, 2 So.2d 430; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46; H. C. Price Co. v. Lee, 249 Ala. 230, 30 So.2d 579; Riddle v. Smith, 252 Ala. 369, 41 So.2d 288; Swift & Co. v. Rolling, 252 Ala. 536, 42 So.2d 6; Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270; Bullard v. Cullman Heading Co., 220 Ala. 143, 124 So. 200; Cohen v. Birmingham Fabricating Co., 224 Ala. 67, 139 So. 97; Baughn v. Little Gahaba Coal Co., 213 Ala. 596, 105 So. 648; Ex parte Shaw, 210 Ala. 185, 97 So. 694.

"Where testimony is conflicting, but there is testimony supporting the finding of the trial court in proceedings under the Workmen's Compensation Act, such finding is conclusive. Martin v. Sloss-Sheffield, etc., 216 Ala. 500, 113 So. 578".

As shown above, there was a conflict in the medical testimony but the finding of the trial court is supported by the testimony, both as to the finding that the injury sustained was the loss of plaintiff's right thumb and as to the amount of her average weekly earnings.

We construe the finding of the trial court that plaintiff's injury was the loss of her right thumb to be an exclusion of the claim that plaintiff's right arm was totally and permanently disabled, but we would not hold that the failure to mention the claimed disability to the arm, made the finding of fact so meager or omissive as to require a reversal of the cause. " 'But, as the statute provides and as has been said here in effect, if, on any reasonable view of the evidence it will support the conclusion reached in the trial court, the finding and

judgment will not be disturbed'". Ex parte Shaw, 210 Ala. 185, 97 So. 694, 695.

■ As already indicated, there is ample evidence to support the finding and judgment of the trial court and it follows that such judgment should be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.