266 So.2d 851

**William Earl JOHNSON**

v.

**Ben A. BRINKER and Ellen Brinker.**

**5 Div. 916.**

Supreme Court of Alabama.

Sept. 14, 1972.

Rehearing Denied Oct. 12, 1972.

George S. Brown, Birmingham, for appellant.

Speaks & Burnett, Clanton, for appellees.

SOMERVILLE, Justice.

This is an appeal from the Circuit Court of Chilton County, Alabama, wherein there was rendered a jury verdict in favor of the appellees-defendants, Ben A. Brinker and Ellen Brinker, and a judgment was entered pursuant to the verdict. The plaintiff's motion for a new trial being overruled, an appeal was perfected to this court.

Suit was brought by the appellant-plaintiff, William Earl Johnson, under the Employer's Liability Act[1] for personal injuries which he sustained while in the defendants' employ as a farm laborer on the Ben-Ellen Farms near Clanton, Alabama. Originally there were several other defendants in this case, Carlisle Truck and Tractor Company, International Harvester Company, and General Motors Corporation, Delco-Remy Division. However, all defendants except the Brinkers were struck as parties defendant by virtue of pro tanto releases.

Appellant was injured when he attempted to start a Model 300 Utility International Tractor while standing on the ground directly in front of the left rear wheel. Appellant had left the tractor in fourth gear, with the brake off, and the throttle three-quarters open. When appellant turned the key, the tractor started immediately and leaped forward, crushing appellant beneath the left rear wheel as the tractor ran over him. Appellant had climbed to the ground in order to free the tractor's starter which had "locked up". There was a conflict in the testimony as to whether or not the defendant had instructed the appellant never to operate the tractor, and whether the defendant or his foreman, Junior White, had knowledge that the starter continued to "lock up" subsequent to the last repair work prior to the accident.

1. Tit. 26, § 326, Code of Alabama, 1940 (Recomp.1958).

■ The errors assigned by the appellant are that the trial court erred in overruling appellant's motion for new trial and that the lower court erred in giving two unnumbered charges requested in writing by the defendants. A fourth assignment of error was assigned originally but was not argued in brief by the appellant and was therefore waived (Supreme Court Rule 9(d)).

The complaint charged that the appellant, William Earl Johnson, was seriously injured while in the employ of the defendants and while operating a tractor used by the defendants in their farming business. The complaint further alleges that said tractor was defective in that it had a worn flywheel which caused its starter to "lock up" and that such defect was known to the defendants. In their answer defendants disclaimed any liability on the grounds that: (1) at the time and place of his injury appellant was not acting within the line and scope of his employment; (2) at the time of his injury appellant was operating the tractor contrary to the specific instructions of his employer who had told him never to drive the tractor; and (3) that to the best of their knowledge the tractor was in excellent mechanical condition immediately prior to the accident.

The first charge given by the trial court at defendants' request which appellant assigns as error reads as follows:

"The Court charges the Jury that if you are reasonably satisfied from the evidence, after a consideration of all of the evidence, that the Plaintiff, William Earl Johnson, was operating the tractor referred to in this case contrary to the instructions of his employer, and/or any supervisory employee of the Defendant, then you must return a verdict for the Defendants."

This charge, appellant contends, fails to instruct the jury that only "wilful" disobedience by the servant or employee relieves

the master or employer of liability and thereby the charge is erroneous and probably injuriously affected the substantial rights of the appellant. The appellees assert that the use of the word "contrary" in the charge as given was tantamount to and alleviated the need for the word "wilful".

At this point we should mention that the trial court gave a similar oral charge to which appellant raised no objection and which reads as follows:

"Now, if you are satisfied—if you are reasonably satisfied from the evidence in this case that the plaintiff in this case was disobeying the instructions of his employer in the use of this tractor, then you could stop right there. If you are reasonably satisfied that the plaintiff was disobeying the instructions of his employers in using this tractor then your verdict should be for the defendant."

Section 257 of Title 26 of our Code makes the four preceding sections (253–256), which are part of the Workmen's Compensation Act,[2] applicable to the Employer's Liability Act under which this action was brought. Section 253 reads in part as follows:

"When personal injury or death is caused to an employee by an accident *arising out of and in the course of his employment,* of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he * * * shall receive compensation by way of damages therefor from the employer, provided the injury or death was not caused by the wilful misconduct of the employee, or was not due to misconduct on his part, as defined in section 270 of this title." (Emphasis added.)

Section 270 defines wilful misconduct as "wilful" violations of statutes or employer's rules known to the employee. But, the record in this case makes it clear that appellant's "wilfulness" in operating the trac-

2. Tit. 26 §§ 253–325, Code of Alabama, 1940 (Recomp.1958).

tor was not at issue. The issue to which the above charge was addressed was simply whether or not the defendant had or had not instructed the appellant never to operate the tractor. On this point there was a conflict in the testimony which the jury obviously resolved in favor of the defendants.

■ Pursuant to § 253, Title 26, set forth above, before an employee can recover from his employer under the Employer's Liability Act, it is clear that it must be shown that the injury to the employee arose "out of and in the course of his employment". This was the issue raised at trial and by the pleadings, and the issue to which the first of defendants' requested charges assigned as error was addressed.

■ In applying the provisions of the Workmen's Compensation Act, which are by statute (Title 26, § 257) made applicable to the Employer's Liability Act, this court has distinguished between injuries to employees arising within the sphere of employment and without the sphere of employment. If an employee violates a rule of his employer which deals only with his misconduct "within" the sphere of his employment, then such must be a "wilful" violation to bar recovery. But, where an employee disobeys a rule or order of his employer which limits the sphere of his employment, recovery has been denied and it is not necessary to show specific intent to violate. Jones v. Sloss-Sheffield Steel & Iron Co., 221 Ala. 547, 130 So. 74; Cohen v. Birmingham Fabricating Co., 224 Ala. 67, 139 So. 97.

In Jones an employee met his death by accident in the slope of a mine while presumably on his way to work at the bottom of the mine. This slope was a dangerous and narrow place upon which trip cars were operated. Employees were forbidden the use of this slope, either to ride the trip cars or walk upon it, and such prohibition was known to the deceased. In its decision this court said that an employer has the right to limit the sphere of employment of his employees and prohibit them from working in a dangerous place and that whenever an employee voluntarily places himself in a prohibited zone of danger and outside the sphere of his employment there can be no recovery from the employer because the accident would not be one arising "out of and in the course of his employment". This court concluded that at the time of his death the deceased " 'was in a dangerous zone, contrary to the orders of the defendant, communicated to him, and where his services did not require his presence, and * * * voluntarily placed himself in a dangerous and hazardous position, outside the sphere of his employment.' " So concluding, compensation was denied.

In the Cohen case, supra, one Lambert was employed by defendant as sales manager. Lambert met his death while assisting laborers in the unloading of a car of steel by use of a heavy crane. The court found that Lambert was not authorized by his employer to assist the laborers and foreman in connection with the performance of their work, and that in fact what he was doing at the time he was killed was directly in violation of instructions theretofore given him by the defendant's manager. The court found that the injury and death of Lambert did not "arise out of and in the course of his employment" with the defendant; that at the time of his injury and death he had departed from and was without the sphere of his employment. Consequently recovery against the defendant-employer was denied.

■ In Jones and Cohen this court recognized a distinction between acts of wilful misconduct and acts outside the course or sphere of employment. The wilful misconduct and wilful violations referred to in § 253 and defined by § 270 are those which occur within the sphere of employment. There is no liability if the employee disobeys a rule or condition which in effect limits the sphere of his employment.

In the instant case the defendants plead in their answer that the appellant, at the time and place of his injury, was acting outside the line and scope of his employment and operating the tractor in question contrary to the express order and instructions of his employer. With this in mind the charge in question was a proper statement of the applicable law and we hold that in the light of the issues presented by the pleadings was not erroneous.

Assignment of Error 3 concerns the following written charge given by the trial court at the request of the defendants:

"I charge you, Lady and Gentlemen of the Jury, that if you are reasonably convinced from the evidence that the Model 300 Utility International Tractor referred to in this case was repaired of any defect in its starting mechanism and thereafter was checked by Defendants and was found to be in good working order, then it would be the duty of an employee learning of any defect in the machinery of the defendant to advise him of such defect within a reasonable time. That in the instant case unless you are reasonably satisfied from the evidence, after a consideration of all of the evidence, that such notice was given to the employer or a supervisory employee or that employer by his own negligence or that of a supervisory employee failed to learn of such defect, then you should return a verdict for the Defendants."

Appellant insists that this charge is erroneous in that it fails to inform the jury that the employee need not inform his employer of a particular defect if the employer already has knowledge of that defect. There was a conflict in the testimony as to whether the defendant or his foreman, Junior White, had knowledge that the starter continued to "lock up" subsequent to the last repair prior to the accident. We find that we cannot agree with the appellant's contention. The charge as given substantially covers the issue presented to the jury by the pleadings and the evidence presented at trial. If the charge was lacking in clarity from appellant's view his remedy was to request explanatory charges before the jury retired. Failing this, appellant is not now entitled to a reversal on the basis of a charge that was certainly no more than merely misleading. Otts v. Gray, 287 Ala. 685, 255 So.2d 26; McClendon v. State, 278 Ala. 678, 180 So.2d 273; Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306.

For the reasons discussed above we hold that the trial court properly overruled appellant's motion for new trial and committed no reversible error in the giving of defendant's requested charges.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.

