254 P.2d 1059

**LA RUE v. EL PASO NATURAL GAS CO. et al.**

No. 5596.

Supreme Court of New Mexico.

March 17, 1953.

Hodges, Hodges & Hodges, Silver City, H. Vearle Payne, Lordsburg, for appellants.

Woodbury, Shantz & Woodbury, Silver City, for appellee.

McGHEE, Justice.

The claimant (appellee) was awarded 25% disability compensation in New Mexico for an injury received in Arizona while returning from his place of work, during working hours, in a company pickup truck which he had boarded for return to a private car in New Mexico, and in which he had ridden that morning from his home in Arizona. The transportation in the pickup or another company truck was a regular incident of employment of the crew in which he worked and such incident had continued for a considerable period of time. Claim for compensation was first filed with the Arizona Industrial Commission and by it denied on a finding the claimant "did not receive an injury arising out of and in the course of his employment," but it is clear he was injured during a time for which he was drawing pay from the employer. Claim was later filed in New Mexico asking for an award under our Workmen's Compensation Act for the same injury.

The claimant was a pipe stabber on a pipe line built by the employer through New Mexico and Arizona and into California. He was employed in New Mexico and worked in this state for some time, and had worked on the line in New Mexico the day of his injury from 7:00 A.M. until about 10:30 A.M. when the stabbing crew crossed the state line into Arizona. The work proceeded in Arizona for about one-half mile when work ceased because of a high wind. After waiting until about 2:00 P.M. for the wind to subside, the foreman announced work would be stopped for the day and they would return home. They were paid for eight hours that day.

A truck equipped with a dog house to protect the men from the weather and seats for their accommodation was usually used for the transportation of the workmen, but it was not available when the foreman decided the men would go home, and such foreman ordered as many as could "pile on" to get on the pickup and he would take them. With the foreman driving the pickup the claimant and his working partner rode the fenders for lack of room elsewhere, bracing their feet on the bumpers on their respective sides of the car. When the pickup reached the Arizona-New Mexico line it encountered a fence and was stopped at a gate which claimant stepped off to open. He stepped off on a rock with one foot which threw him off balance, and he suffered the back injury for which compensation was sought.

Early that morning claimant and his work partner had traveled from their places of residence in Arizona to a point in New Mexico where a road left the highway and went to the right of way of the employer where the work was to commence. A rule of the employer forbade any employee parking a car on its right of way, and employees traveling to work part of the way in private cars would wait for and catch the company truck which came regularly from Lordsburg carrying the major portion of the crew from that town. It was on the return trip to this car that the claimant was being transported in accordance with regular employer practice when he received his injury.

The claimant asserts his right to prosecute this action in New Mexico under the first paragraph of sec. 57–933, Supp. to N.M.S.A., 1941 Comp. sec. 1, ch. 14, Laws of 1949, which reads:

"If an employee who has been hired or is regularly employed in this state received personal injury by accident arising out of and in the course of such employment outside of this state, he, or his dependents in case of his injury or death, shall be entitled to compensation according to the law of this state. This provision shall apply only to those injuries received by the employee within six (6) months after leaving this state, unless prior to the expiration of such six (6) months period the employer has filed with the state labor industrial commission of New Mexico notice that he has elected to extend such coverage a greater period of time."

The defendants (appellants here) first invoke as a defense the second paragraph of sec. 57–933, supra, which reads:

"The provisions of this section shall not apply to an employee whose departure from this state is caused by a permanent assignment or transfer."

They say the crew in which the claimant worked had completely finished its tasks in New Mexico and had been permanently assigned to Arizona when they crossed the state line, and further, they began paying compensation insurance on the claimant to the Arizona Industrial Commission as of twelve o'clock noon on the day of his injury.

There is no question but that the claimant and his crew crossed into Arizona as claimed, that there was no more work on the pipe line for them to do in New Mexico, and the defendants began paying compensation on the Arizona work as claimed; but they brush off too lightly the fact as an incident of claimant's employment he was furnished transportation from the parked private car to the place of work, and there returned in the employer's truck at the close of each work day. The evidence

shows it was approximately two and one-quarter miles from the place where work stopped on the day of the accident by the route of travel over rough, rocky country back to the private car, so the permanent transfer from New Mexico to Arizona was not effective until the claimant was returned to where he had left the private car in this state on his last day of work in New Mexico.

In this state where transportation is furnished by an employer to an employee engaged in a hazardous occupation as an incident of his employment, an injury sustained while being so transported is compensable under our Workmen's Compensation Law. Barrington v. Johnn Drilling Co., 1947, 51 N.M. 172, 181 P.2d 166. The defendants do not assert the claimant was not injured in the course of his employment in a hazardous occupation if suit under the New Mexico Workmen's Compensation Act could be maintained after the denial of the claim by the Arizona Industrial Commission.

The next ground urged for a reversal is the denial of compensation by the Arizona Industrial Commission for the identical injury for which compensation was awarded below bars the later action in New Mexico under the full faith and credit clause of the United States Constitution. There is no question but that an award of the Arizona commission not set aside or modified on review by the Arizona Supreme Court has the effect of a judgment of a court of general jurisdiction in that state. Doby v. Miami Trust Co., 1931, 39 Ariz. 228, 5 P.2d 187.

The principal authority relied on in support of the contention the action could not be maintained in New Mexico is Magnolia Petroleum Co. v. Hunt, 1943, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, 150 A.L.R. 413, where it was held that one employed in Louisiana who was injured in Texas, and who had secured an award in the latter state which he later disavowed, could not maintain a suit in Louisiana to secure compensation for the same injury, although Louisiana permitted such recovery. The Court there held the full faith and credit clause prevented such action.

The claimant acknowledges the Magnolia case so held, but says the force of such decision was destroyed by the later case of Industrial Commission of Wisconsin v. McCartin, 1947, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140, 169 A.L.R. 1179. In the latter case one employed in Illinois to work in Wisconsin received an eye injury in the latter state. The statutes of each state protected him in each state. The workman filed claims for compensation in both states, and settled the claim in Illinois for a stated amount under stipulation he would not be prejudiced in prosecuting his claim in Wisconsin, and such provision was contained

in the award. The employer and his insurer pleaded the Illinois settlement in bar of the claim before the Wisconsin Industrial Commission. The Wisconsin commission awarded compensation, but gave credit for the amount of the Illinois award. The Circuit Court set aside the award on the authority of the Magnolia case, and on appeal the Supreme Court of Wisconsin affirmed the lower court on the same ground. 1946, 248 Wis. 570, 22 N.W.2d 522. The Supreme Court of the United States reversed the decision of the state court in an opinion by Mr. Justice Murphy in which all concurred except the late Mr. Justice Rutledge, who concurred in the result. The opinion says the Magnolia case is not overruled, but is distinguishable. In one part of the opinion the distinction seems to be Texas statutes forbade the prosecution of an action by one injured there in any forum outside of Texas; in another place it seems to be because of the reservation of rights in the stipulation and Illinois award that the rights of the claimant in Wisconsin should not be prejudiced thereby; and yet, at the close of the opinion, we read [330 U.S. 622, 67 S.Ct. 890]:

"* * * But when the reservation in this award is read against the background of the Illinois Workmen's Compensation Act, it becomes clear that the reservation spells out what we believe to be implicit in that Act—namely, that an Illinois workmen's compensation award of the type here involved does not foreclose an additional award under the laws of another state. And in the setting of this case, that fact is of decisive significance."

The Court then said as the Illinois award was final and conclusive only as to rights arising in Illinois, Wisconsin was free under the full faith and credit clause to grant an award of compensation in accord with its own laws, and cited the Magnolia case as its authority.

Fortunately, we do not have to decide this case under these decisions. Perhaps it is not too much to hope the Court which rendered the Magnolia and McCartin opinions will, when the opportunity is presented, clarify them, or perhaps state an easily understood rule to be applied in such cases.

The decision of the Arizona Industrial Commission could only have been based on the fact that one injured while being transported from work by the employer as an incident of his employment was not entitled to compensation under the Arizona Act, A.C.A.1939, § 56–901 et seq., at the time of its final decision in this case. Evidence introduced at the trial in New Mexico given by an eyewitness who was the working and traveling partner of the claimant clearly established the injury. In fact, in the New Mexico case the defendants specifically requested a finding of fact the

claimant did receive an injury to his back as a result of stepping off the car onto a rock at the gate on the Arizona side of the line, but asked a conclusion of law such injury did not arise out of and in the course of his employment—in other words, that the injury was not compensable.

It is true that under the law as announced in Harris v. Industrial Commission, 72 Ariz. 197, 232 P.2d 846, decided June 25, 1951, after the commission had denied an award to claimant, Arizona would likely award compensation in this case if it could be again presented there; but the only Arizona case cited in the opinion in support of the statement that where the work is of such a nature as necessitates travel on the part of the employee, or where the employer compensates the employee for the time traveled to and from work, is Butler v. Industrial Commission, 1937, 50 Ariz. 516, 73 P.2d 703, and this case would not support an award under the facts before us in the present case.

Arizona does not permit the enforcement of the workmen's compensation laws of another state if for an injury sustained in Arizona. It is only where the hiring and the injury both occur in another state that the workmen's compensation law of another state may be enforced in an Arizona tribunal. Ocean Accident & Guaranty Corporation v. Industrial Commission, 1927, 32 Ariz. 275, 257 P. 644. Under the holding in this case the decision of the Arizona commission was necessarily based wholly on the Arizona Act.

There are a great many cases in the books where a workman recovered under a compensation act and was then allowed to recover in another state under its act, the amount recovered in the first state being credited on the second judgment. This court said in Hughey v. Ware, 1929, 34 N.M. 29, 276 P. 27, a double recovery for the same accident was contrary to the public policy of this state, and denied recovery where an award had been previously made in Texas.

Our attention has been called to only one case with facts similar to those in the case at bar. Loudenslager v. Gorum, 1946, 355 Mo. 181, 195 S.W.2d 498, decided five years after the Magnolia case. Claim was filed in Arkansas for the death of an employee occurring in that state and who was hired in Missouri where he lived. Compensation was denied in Arkansas because he was held by the Arkansas commission to be an independent contractor and therefore not protected by the act. Missouri thereafter allowed compensation on a claim filed in that state because of differences in the Arkansas and Missouri acts, holding the full faith and credit clause did not bar an award in Missouri under its Workmen's Compensation Act. The opinion relies strongly on the cases of Troxell v.

Delaware, L. & W. R. Co., 1913, 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586 and Alaska Packers Ass'n v. Industrial Accident Commission of California, 1935, 294 U.S. 532, 55 S.Ct. 518, 521, 79 L.Ed. 1044, for its holding the Arkansas decision did not bar an award in Missouri.

In the Troxell case the widow of a railroad employee who died from injuries sustained while working in interstate commerce in Pennsylvania brought suit under Pennsylvania statutes based on negligence of the railroad in failing to furnish safety appliances. Her recovery in the trial court was reversed on the ground the injury was caused by the negligence of fellow servants for which Pennsylvania did not provide a remedy. She later sued under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover because of the injury caused by the negligence of the fellow servants. On review by the Supreme Court of the United States it was held the second action was not barred by the first, and it was stated [227 U.S. 434, 33 S.Ct. 276]:

"* * * Under the Pennsylvania law there could be no recovery for the negligence of the fellow servants of the deceased. This was the issue upon which the case was submitted at the second trial and a recovery had. Whether the plaintiff could recover under the Pennsylvania statute was not involved in the second action, and the plaintiff's right to recover because of the injury [occasioned] by the negligence of the fellow servants was not involved in or concluded by the first suit."

■ So it was in the case before the Arizona Industrial Commission. It could only decide the claim under the Arizona Workmen's Compensation Act. Ocean Accident & Guaranty Corporation v. Industrial Commission, supra.

In the Alaska Packers Association case, supra, it was said the liability under workmen's compensation acts is not for tort, the legal consequence of which must be controlled by the law of the place where the tortious act is committed, but it is imposed as an incident of the employment relationship as a cost to be borne by the business enterprise rather than as an attempt to extend redress for the wrongful act of the employer. It was held the state where a workman was employed could provide for and award compensation under its laws although the injury occurred in another state.

It is true the claimant was at the time of the injury a resident of Arizona because of inability to secure living accommodations for himself and family in Lordsburg, New Mexico, but he was employed in New Mexico where he worked on the pipe line for a considerable time, and under the facts of the case was under the protection of the New Mexico Workmen's Compensation Act when injured. As the claimant did not re-

ceive an award in Arizona, our holding here does not conflict with our decision in Hughey v. Ware, supra.

We conclude the denial of compensation under the Arizona Workmen's Compensation Act does not prevent a recovery under the New Mexico Act under the facts of this case.

The judgment will be affirmed and an award of $500 is here made to the claimant's attorneys for their services in this Court.

It is so ordered.

SADLER, C. J., and COMPTON, COORS and LUJAN, JJ., concur.