122 So.2d 917

Pete BIRSON

v.

DECATUR TRANSFER AND STORAGE, INCORPORATED.

6 Div. 412.

Supreme Court of Alabama.

July 14, 1960.

Rehearing Denied Sept. 15, 1960.

Kingman C. Shelburne and Walter C. Hayden, Birmingham, for appellant.

Spain, Gillon & Young, Foster Etheredge and Jos. G. Gamble, Birmingham, for appellee.

SIMPSON, Justice.

This controversy arose under the Workmen's Compensation Law, and was begun by a verified complaint as authorized by § 302, Tit. 26, Code of Alabama, 1940. Defendant filed verified answer. The Circuit Court, Jefferson County, after hearing the evidence, entered judgment denying the plaintiff, Birson, recovery of benefits and he seeks review here by certiorari as authorized by the statute.

Petitioner's complaint alleged that petitioner was an employee of respondent, that both petitioner and respondent were subject to the Workmen's Compensation Laws of Alabama; that petitioner while acting in the line and scope of his employment with the respondent suffered an accident, and that as a proximate result of said accident petitioner became totally disabled. Respondent joined issue by filing a verified answer denying, inter alia, that the petitioner and respondent were subject to the Workmen's Compensation Laws of Alabama at the time of petitioner's alleged injury, on the ground that at the time of petitioner's alleged injury the respondent was a common carrier doing interstate business and engaged in interstate commerce and the petitioner was engaged in interstate commerce. After hearing the evidence the trial court filed the following:

"The court makes the following findings of fact:

"1. That the defendant, Decatur Transfer & Storage, Inc., a corporation, was at all times relevant to this case a common carrier, doing an interstate business and was engaged in interstate commerce.

"2. That the plaintiff and the defendant were not subject to the Workmen's Compensation Laws of the State of Alabama.

"Order

"It is therefore ordered, adjudged and decreed that there be a judgment for the defendant in this case. * * *"

The following facts were undisputed: Respondent is a corporation, and is a common carrier for hire in the transfer business. It contracts to ship furniture either interstate or intrastate. When it ships furniture interstate it acts as an agent of Allied Van Lines, a corporation, but on such shipments Decatur Transfer & Storage, Inc., a corporation, furnishes the equipment and the driver and leases them to Allied. On the occasion complained of Decatur's driver hired the plaintiff to load Decatur's truck in Birmingham with furniture consigned to Detroit, Michigan. Petitioner received his alleged injury while helping to load this furniture. None of the furniture which the plaintiff helped to load was shipped to any point in Alabama, but was carried for hire to other states.

It is conceded that the Alabama Workmen's Compensation Act does not apply to a common carrier doing an interstate business, while engaged in interstate commerce, or to an employee of said common carrier while engaged in interstate commerce. Title 26, § 263, Code of Alabama, 1940. Rather, the plaintiff contends primarily that the "findings of fact" made by the trial judge is not sufficient under § 304, Title 26, Code of Alabama, 1940. This section provides in part as follows:

" * * * At the time fixed for the hearing or any adjournment thereof, the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded, to try the issue of wilful misconduct on the part of the employee, decide the controversy. This determination shall be filed in writing, with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge."

This court in Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345 described the requirement of this statute as follows:

"The statute contemplates, not a recital of the evidence, * * * but a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found establish or fail to establish the

liability asserted; and there should be a finding of every fact necessary to sustain the judgment of the court."

 The cases are legion to the effect that in cases of this kind, where the trial court's finding is merely meager or omissive, this court will look to the evidence to see if judgment can be sustained on any reasonable view of it. Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204; Ex parte Louisville & Nashville R. Co., 208 Ala. 216, 94 So. 289; West Point Manufacturing Co. v. Bennett, 263 Ala. 571, 83 So.2d 303; Goodyear Tire & Rubber Co. of Alabama v. Downey, 266 Ala. 344, 96 So.2d 278.

On certiorari to review compensation judgments it is not the province of this court to retry the case, but to look to see if there is any evidence to support the judgment rendered by the trial judge who had the witnesses before him. Jackson v. W. L. Smith Poultry Co., 264 Ala. 184, 85 So.2d 893; Baggett Transportation Co. v. Holderfield, 260 Ala. 56, 59, 68 So.2d 21; Bass v. Cowikee Mills, 259 Ala. 391, 393, 67 So.2d 12; Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 678, 32 So.2d 666; Houser v. Young, 247 Ala. 562, 563, 25 So.2d 421; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 478, 3 So. 2d 46; Alabama By-Products Corporation v. Winters, 234 Ala. 566, 568, 176 So. 183; Woodward Iron Co. v. Jones, 217 Ala. 361, 362, 116 So. 425; Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 222, 109 So. 878; Ex Parte Little Cahaba Coal Co., 213 Ala. 596, 598, 105 So. 648; Ex Parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 221, 92 So. 458.

The finding of the trial court in this case is to the effect that the respondent and petitioner were engaged in interstate commerce at the time of the accident complained of. After a careful review of the record we find that there is evidence to support such finding. The facts were undisputed that at the time of the alleged injury the petitioner was loading furniture in Birmingham, Alabama, on a truck owned by Decatur which had been leased, together with its driver to Allied, which furniture was consigned to Detroit, Michigan. As was noted in Baltimore & O. S. W. R. Co. v. Burtch, 263 U.S. 540, 44 S.Ct. 165, 166, 68 L.Ed. 433, "It is too plain to require discussion that the loading or unloading of an interstate shipment by the employees of a carrier is so closely related to interstate transportation as to be practically a part of it".

As stated, such persons are expressly excluded from the incidents of the Workmen's Compensation Laws of Alabama.

It follows then, that the judgment of the trial court is without error.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.