803 P.2d 1114

**Ramon GARCIA, Claimant–Appellant,**

v.

**WATSON TILE WORKS, INC.,**
**Respondent–Appellee.**

**No. 11715.**

Court of Appeals of New Mexico.

Dec. 6, 1990.

Matthew L. Chacon, Espanola, for claimant-appellant.

Michael D. Baird, Santa Fe, for respondent-appellee.

## OPINION

BIVINS, Judge.

Worker appeals the dismissal by the Workers' Compensation Division of his claim for compensation and other benefits. He challenges the workers' compensation judge's (WCJ) determination that employer did not have the requisite number of employees to be liable under the Workers' Compensation Act (the Act).

The WCJ conducted an evidentiary hearing to determine if employer employed three or more workers. Finding it did not, the WCJ concluded the Workers' Compensation Division did not have jurisdiction and dismissed worker's claim with prejudice.

The issue on appeal is whether employer comes within the Act. Since worker's accidental injury occurred on May 16, 1988, we apply the law applicable at that time. NMSA 1978, Sections 52–1–2 and –6(A) (Repl.Pamp.1987), read together, describe the employers' liability for workers' compensation benefits under the Act:

> [E]very private person, firm or corporation engaged in carrying on for the purpose of business or trade within this state, and which employs [three] or more workers, * * * shall become liable to and shall pay to any such worker injured by accident arising out of and in the course of his employment * * * compensation in the manner and amount at the times herein required.

§ 52–1–2.

In answering this question, we first examine the individuals worker contends should have been counted, some of whom the WCJ found were not employees. We then look at the time frame during which the count should be made. The first prong of an analysis involves, in part, questions of fact. The second prong of our analysis involves statutory interpretation, and, as to that, we apply principles of statutory construction. Although we determine the WCJ incorrectly applied the date of the accidental injury to make the numerical determination, since employer never employed more than two workers at any given time, we affirm dismissal of worker's claim.

### 1. Who Should Be Counted?

■ There appears to be no dispute that employer is a corporation which makes and sells tile to the public. Savern Watson and his wife, Wilma, both serve as directors and officers. Savern operates and manages the business. Neither, however, has ever received any compensation. On that basis, the WCJ found the Watsons are not employees.

■ Worker does not specifically attack that finding. See Cardenas v. United Nuclear Homestake Partners, 97 N.M. 46, 636 P.2d 317 (Ct.App.1981) (party must specifically challenge findings to contest those findings on appeal). While we need not consider this issue, we do so because it can be easily answered. Worker refers us only to payments made by the corporation to the Watsons; however, the record contains evidence that these payments represented repayments in loans, not wages or salary. We will not disturb findings supported by substantial evidence. Tallman v. ABF (Arkansas Best Freight), 108 N.M. 124, 767 P.2d 363 (Ct.App.1988). We also note Wilma works full-time for the state.

■ There is a nonfactual basis for holding the Watsons nonworkers. As Professor Larson points out, in statutes where the term "employees" is used, as opposed to "persons" or "workmen," corporate owners-officers are generally excluded. 1C A. Larson, Workmen's Compensation Law § 52.31 (1990). See Denis Aerial AG–Plicators, Inc. v. Swift, 154 Ga.App. 742, 269 S.E.2d 890 (1980) (officers-owners of family corporation should not be counted for numerical minimum purposes). We read the exclusion of corporate owners-officers to apply only where those individuals do not qualify as workers, as the remainder of our discussion under this point illustrates.

■ Relying on NMSA 1978, Section 52–1–7 (Repl.Pamp.1987), worker contends that the Watsons are Subsection F employees and therefore must be counted in determining the minimum number of workers. Section 52–1–7 allows executive officers owning ten percent or more of the stock of a professional or business corporation to elect not to accept the provisions of the Act. Because there was no evidence the Watsons made such election, worker claims they must be counted. We note that subsection E of Section 52–1–7 specifically provides that those who elect not to be covered are nonetheless to be counted in determining whether the employer comes within the

Act. Therefore, it would not matter whether an election had been made if the Watsons were Subsection F employees employed by the corporation as workers defined in the Act. *See* NMSA 1978, § 52–1–16 (Repl.Pamp.1987) (defining "workman" as any person who has entered into the employment of or worker under contract of service or apprenticeship with an employer). The WCJ found, and we affirm, that neither Watson was a worker. Therefore, they would not qualify under Section 52–1–7.

This leaves worker as the sole employee on the date of the accident, unless two other workers previously employed may also be counted. That these three persons were workers is not in dispute; only if they are to be counted for purposes of this issue.

### 2. *When Does One Count?*

The WCJ found worker to be the only employee on May 16, 1988, the date of his accidental injury. Excluding the Watsons, this is correct, unless two other workers previously employed are to be counted.[1] The question is, When does one count the minimum number of workers?

Worker argues without citation to authority for "at or about the time" of the accidental injury. Section 52–1–2, read together with Section 52–1–6(A), does not expressly prescribe a time or time frame for determining the requisite number of workers in order to come within the Act. In the absence of statutory guidance, we apply the well-established principle that fundamental fairness is the guideline, *Gonzales v. Stanke–Brown & Assocs.*, 98 N.M. 379, 648 P.2d 1192 (Ct.App.1982), and read the statute to require regular employment of three or more workers. As Professor Larson points out, "[s]ince the practical effect of the numerical boundary is normally to determine whether compensation insurance is compulsory, an employer cannot

be allowed to oscillate between coverage and exemption as his labor force exceeds or falls below the minimum from day to day." 1C A. Larson, *supra*, § 52.20, at 9–174 (footnotes omitted). Thus, if an employer has once regularly employed enough workers to come under the Act, he remains there even when the number employed may temporarily fall below the minimum. *Id.; Norton v. Edwards*, 33 Colo.App. 177, 518 P.2d 294 (1973).

We adopt this interpretation of our statute as reflecting the legislature's intent. To fix the date of the accidental injury as the time for numerical count could lead to unfair results for both employer and worker. Adopting a regular employment test also permits a more predictable and dependable standard.

Here, the WCJ appears to have used the date of the accidental injury to determine the numerical minimum. Ordinarily, we remand where findings of fact are induced by error of law. *See Walker v. L.G. Everist, Inc.*, 102 N.M. 783, 701 P.2d 382 (Ct. App.1985). Remand is unnecessary in this case. It appears uncontradicted that, excluding the Watsons, there have never been more than two workers employed at any given time. Therefore, the WCJ correctly found employer was not liable under the Act.

### 3. *Conclusion*

We affirm dismissal of worker's claim.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.

---

1. Two other workers were employed by employer for approximately one month prior to worker's injury. Their employment ceased approximately three days before the injury.