851 P.2d 486

**Russell Lee HAMMONDS,
Claimant–Appellant,**

v.

**FREYMILLER TRUCKING, INC. and
Self–Insured Services Company,
Respondents–Appellees.**

**No. 13639.**

Court of Appeals of New Mexico.

March 3, 1993.

John E. Keithly, Keithly & English, Anthony, for claimant-appellant.

Thomas L. Johnson, Kathleen Robertson Finz, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for respondents-appellees.

## OPINION

APODACA, Judge.

Russell L. Hammonds (Worker) appeals the workers' compensation judge's (judge) summary judgment order dismissing his claim against Freymiller Trucking, Inc. and Self–Insured Services Co. (collectively referred to as Employer) under New Mexico's Workers' Compensation Act, NMSA 1978, §§ 52–1–1 to –70 (Repl.Pamp.1991) (the Act), for lack of jurisdiction. Worker raises the following issues: (1) whether an out-of-state employer who employs fewer than three workers within the State of New Mexico is subject to liability under the Act, and (2) whether businesses engaged in interstate commerce are exempt from such liability. Because we hold (1) that an out-of-state employer who employs fewer than three workers in New Mexico may be subject to the Act if the employer employs more than three workers in total (i.e., including workers employed outside New Mexico), and (2) that the statutory exemption for employers involved in interstate commerce does not apply in this case, we reverse and remand to the Workers' Compensation Administration.

## BACKGROUND

Worker sustained a work-related injury in New Mexico in September 1990. At the time of the injury, Worker was a resident of New Mexico and was employed by Employer as an interstate truck driver. Employer's main offices are located in California. It maintains no facilities and employs no other workers in New Mexico. Employer's workers' compensation claims agent is

located in Indiana. Worker formally signed his employment documents in Indiana, but the parties disagree over whether Worker entered into his employment contract in Indiana or in New Mexico.

To receive workers' compensation benefits, Worker signed an "Agreement to Compensation" form provided by Employer's agent and printed by the State of Indiana. This form states that "compensation shall be payable weekly until terminated in accordance with the provisions of the Indiana Workers' Compensation/Occupational Disease Acts." Worker received benefits pursuant to Indiana's workers' compensation law.

Worker filed a claim for workers' compensation benefits in New Mexico in January 1991. The judge granted Employer's motion for summary judgment on the basis that, under Section 52–1–66 (effective until January 1, 1991), New Mexico lacked jurisdiction to consider the claim and dismissed Worker's claim.

**DISCUSSION**

1. *Employer's Liability under the Act.*

■ Generally, this Court reviews orders granting summary judgment by considering the whole record to ascertain whether there is any issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Roth v. Thompson*, 113 N.M. 331, 334–35, 825 P.2d 1241, 1244–45 (1992). Although Worker asserts that there are certain material factual disputes, the dispositive issue here is whether the judge properly applied Section 52–1–66(A) to the undisputed facts when he determined that he lacked jurisdiction to consider Worker's claim. We thus limit our inquiry to whether Employer was entitled to summary judgment as a matter of law. *See Koenig v. Perez*, 104 N.M. 664, 666, 726 P.2d 341, 343 (1986) (summary judgment proper if issue is legal effect of undisputed facts).

Employer contends that Section 52–1–66(A) exempts employers not domiciled in New Mexico that employ fewer than three workers in New Mexico from application of the Act. Worker, on the other hand, essentially contends that the statute simply relieves such employers of certain administrative and filing obligations. We agree with Worker.

We do not agree that the judge lacked jurisdiction to hear the claim. *See* NMSA 1978, §§ 52–5–4, –5, –6, & –7 (Repl.Pamp.1991) (granting the Workers' Compensation Administration authority to adopt regulations to effect the purposes of the Act and to hear claims arising under the Act). Rather, the issue is whether Employer can be held liable for benefits, *see* § 52–1–2, or is exempted from the Act. *See* § 52–1–6(A). We thus approach the issue as one of statutory construction to determine whether the legislature intended nondomiciled employers who employ fewer than three workers within New Mexico to be liable under the Act.

■ When interpreting a statute, our central concern is to determine the legislature's intent. *State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988). Legislative intent is determined primarily from the language of the statute, and this Court will give those words their ordinary meaning unless a different intent is clearly indicated. *Schmick v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). We must "read the act in its entirety and construe each part in connection with every other part to produce a harmonious whole." *Klineline*, 106 N.M. at 735, 749 P.2d at 1114. Additionally, our goal is to read the statutes so as to facilitate their operation and to achieve their goals. *Griego v. Bag 'N Save Food Emporium*, 109 N.M. 287, 291–92, 784 P.2d 1030, 1034–35 (Ct. App.1989), *cert. denied*, 109 N.M. 262, 784 P.2d 1005 (1990).

■ The proper analysis begins with a determination of the Act's scope. Sections 52–1–2 and –6(A) together describe an employer's liability for workers' compensation benefits under the Act. *Garcia v. Watson Tile Works, Inc.*, 111 N.M. 209, 210, 803 P.2d 1114, 1115 (Ct.App.1990). Section 52–1–2 states which employers come within the Act:

[E]very private person, firm or corporation engaged in carrying on for the purpose of business or trade within this state, and which employs four or more workers, except as provided in Section 52–1–6 NMSA 1978, shall become liable to and shall pay to any such worker injured by accident arising out of and in the course of his employment ... compensation in the manner and amount at the times herein required.

*Id.; see also* § 52–1–6(A) (stating "[e]very employer of four or more workers shall be subject to the provisions of the Workers' Compensation Act."). Neither section refers to out-of-state workers or employers or limits the applicability of the Act to employers that employ four or more workers *within the state.*

■ The general rule in determining the scope of applicability of workers' compensation statutes is that all of an employer's workers, including out-of-state workers, will be counted in determining whether the employer employs the minimum number of workers necessary to be within the scope of such statutes. *Martin v. Furman Lumber Co.,* 134 Vt. 1, 346 A.2d 640, 642 (1975); *see also* 1C Arthur Larson, *The Law of Workmen's Compensation* § 52.-34, at 9–207 (1992); 82 Am.Jur.2d *Workers' Compensation* § 120, at 115–16 (1992). This Court has not previously addressed this specific issue. However, in *Clark v. Electronic City,* 90 N.M. 477, 565 P.2d 348 (Ct.App.), *cert. denied sub nom., Capo v. Clark,* 90 N.M. 636, 567 P.2d 485 (1977), we held that an employer who cumulatively employed four or more workers at multiple sole proprietorships was subject to the Act, even though the particular business for which the claimant worked did not employ four or more workers. *Clark* rejected adding language to the predecessor to Section 52–1–2 so that only workers at each establishment were included because, we said, adding such language "is a function of the legislature, not the courts." *Id.,* 90 N.M. at 479, 565 P.2d at 350.

We similarly decline to add limiting language to the statutes here. If the legislature had intended to limit the broad language of Sections 52–1–2 and –6(A) to employers that employed four or more persons *within New Mexico,* it would have so stated. We therefore conclude that, under Section 52–1–2, all workers employed by a private employer "engaged in carrying on for the purpose of business or trade within this state," § 52–1–2, wherever employed, must be considered in determining whether the employer is subject to the Act. *See Martin,* 346 A.2d at 641–42; *cf. Clark,* 90 N.M. at 479, 565 P.2d at 350.

Having determined that Employer is not exempt from New Mexico's Act simply because Employer employed only one worker within New Mexico, we next consider whether Employer is exempted under Section 52–1–66(A), which provides:

Every employer not domiciled in the state that employs three or more workers within the state, whether that employment is permanent, temporary or transitory and whether the workers are residents or nonresidents of the state, shall comply with the provisions of Section 52–1–4 NMSA 1978 and, unless self-insured, shall obtain a worker's compensation insurance policy or an endorsement to an existing policy, issued in accordance with the provisions of Section 59A–17–10.1 NMSA 1978. An employer who does not comply with the foregoing requirement shall be barred from recovery by legal action for labor or materials furnished during any period of time in which he was not in compliance with the requirements of this section and, if the noncomplying employment is in an activity for which the employer is licensed under the provisions of the Construction Industries [Licensing] Act, then the employer's license is subject to revocation or suspension for the violation.

Section 52–1–4(A) (effective until January 1, 1991), expressly referred to in the above-noted statutory language, requires "[e]very employer subject to the Workers' Compensation Act" to have filed with the Workers' Compensation Administration a certificate of insurance coverage or to have otherwise demonstrated to the administration that insurance coverage is unnecessary.

■ Employer argues that, because Section 52–1–66(A) exempts it from having to comply with Section 52–1–4(A), it must be exempt from having to obtain workers' compensation insurance coverage in New Mexico and therefore be exempt from liability under the Act. We disagree. Although Section 52–1–4(A) states that it applies to "[e]very employer" subject to the Act, the statute itself creates only an affirmative duty for employers to file appropriate proof of either insurance or that insurance is unnecessary; the statute does not address an employer's *liability* for workers' compensation benefits under the Act.

Similarly, Section 52–1–66(A) does not address whether a particular employer can be liable for benefits; rather, it relieves certain nondomiciled employers from the administrative burden of obtaining a separate workers' compensation insurance policy that complies with New Mexico requirements, *see* NMSA 1978, § 59A–17–10.1 (Repl.Pamp.1992), and of filing documentation with the New Mexico Workers' Compensation Administration under Section 52–1–4(A). Nondomiciled employers who are required to comply with these administrative provisions and who fail to do so are not relieved of potential liability under the Act. Rather, the statute provides that the employer cannot recover for materials or labor furnished if the employer has failed to comply with those provisions. Section 52–1–66(A). We thus hold that Section 52–1–66(A) does not exempt nondomiciled employers employing fewer than three workers in New Mexico from liability under the Act.

■ Employer also argues that public policy considerations require New Mexico to refrain from exercising jurisdiction. Specifically, Employer claims that complying with the differing workers' compensation laws of the various states "would constitute a costly administrative nightmare" and that there is "no sound policy reason" for this state to exercise jurisdiction. Without citation to authority, Employer also claims that asserting jurisdiction could impose unconstitutional burdens on Employer. We disagree.

■ The legislature has attempted to minimize the administrative burdens on employers who have fewer than three workers within New Mexico by exempting them from certain administrative requirements. However, in our view, relief from administrative burdens does not indicate a legislative intent to relieve those employers of liability under the Act. Besides, the purpose of the Act is to provide recovery and ensure prompt compensation to a worker. *Gambrel v. Marriott Hotel*, 112 N.M. 668, 670, 818 P.2d 869, 871 (Ct.App.1991); *see also* NMSA 1978, § 52–5–1 (Repl.Pamp.1991). At the same time, the employer receives the benefit of having only limited liability under the Act's exclusivity provisions. *See* § 52–1–6(D).

We also note that New Mexico's legislature has recognized that several states may assert jurisdiction over a single workers' compensation claim and has thus allowed for such multiplicity by enacting Section 52–1–65. That statute provides that the payment or award of benefits under the workers' compensation law of another state to a worker entitled to benefits under New Mexico's Act is not a bar to a claim for benefits under the Act, but the employer is entitled to a credit for any benefits paid under the other state's law. *Id.* The enactment of these provisions indicates to us that the legislature has already sought to protect nondomiciled employers from the risk of multiple payments.

■ As noted by Worker, one constitutional limitation upon New Mexico's assertion of jurisdiction is the Full Faith and Credit Clause of the United States Constitution. U.S. Const. art. IV, § 1. There are several factors that, if occurring within the state asserting jurisdiction, will give rise to an interest sufficient for a state to assert jurisdiction over a workers' compensation claim without violating its duty to give full faith and credit to the workers' compensation laws of other states also having an interest in the injury. These factors are: (1) where the injury occurred; (2) where the employment contract was formed; (3) where the employment occurred; (4) where the industry was localized; (5) where the

worker resided; and (6) which state's statute the parties have expressly adopted by contract. 4 Larson, *supra*, §§ 86–86.10, at 16–48. Not all of these factors need to be present for a state to assert jurisdiction. *See Martin*, 346 A.2d at 644 (stating that "[b]asically, modern delineations conclude that the state of injury and residence has sufficient interest in the controversy to apply its own provisions in lieu of the employer's state or the law of the state in which the contract [of employment] was made."). Under the facts of this appeal, Worker was a resident of New Mexico, the employment occurred in part in New Mexico, and the injury undisputedly occurred in New Mexico.

Additionally, in *Webb v. Arizona Public Service Co.*, 95 N.M. 603, 624 P.2d 545 (Ct.App.), *cert. denied*, 95 N.M. 669, 625 P.2d 1186 (1981), this Court held that New Mexico could exercise jurisdiction over a workers' compensation claim even though a judgment had been rendered in Arizona. We stated that:

> Our compensation act was passed in the interest of the general welfare of the people of New Mexico. It is extremely doubtful whether Arizona has the power by any legal device to preclude New Mexico from granting to its own residents, employed within its own borders, that measure of compensation for occupational injuries which it deems advisable. To hold otherwise is to grant Arizona the power to nullify a New Mexico statute which gives the beneficial protection of workmen's compensation to an injured workman who is a resident of New Mexico and employed here. The Full Faith and Credit Clause does not give sanction to such control by one state of the internal affairs of another.

*Id.*, 95 N.M. at 609, 624 P.2d at 551. Thus, New Mexico has a strong interest in ensuring that its citizens receive the full benefit to which they are entitled under New Mexico law. We thus conclude that New Mexico may assert jurisdiction over this workers' compensation claim without violating the Full Faith and Credit Clause of the United States Constitution, especially since Worker did not initially select Indiana as

the forum, the Indiana proceedings were initiated informally, and Worker did not have the aid of counsel. *See id.*

### 2. *Interstate Commerce Exemption.*

Employer argues that it is exempted from application of New Mexico's workers' compensation law under Section 52-1-14 because it is involved in interstate commerce. Section 52-1-14 states that "[t]his act shall not be construed to apply to business or pursuits or employments which according to law are so engaged in interstate commerce as to be not subject to the legislative power of the state, nor to persons injured while they are so engaged."

Contrary to Employer's apparent assertion, Section 52-1-14 does not exempt every business involved in interstate commerce from the application of New Mexico's workers' compensation law. Rather, the statute is significantly more limiting—it exempts only those employers that "according to law are so engaged in interstate commerce as to be not subject to the legislative power of the [State of New Mexico]." Employer cites no law indicating that interstate trucking is exempt from the legislative power of the state; on the contrary, this Court has previously held that a nonresident employee of an interstate trucking firm who was injured in New Mexico while en route to California could receive workers' compensation benefits under New Mexico law. *Burns v. Transcon Lines*, 92 N.M. 791, 595 P.2d 761 (Ct.App.), *cert. denied*, 92 N.M. 675, 593 P.2d 1078 (1979). Employer argues that *Burns* is inapplicable because it did not consider whether Section 52-1-14 exempts non-resident employers involved in interstate commerce from application of New Mexico's Act. We disagree. Although the facts of *Burns* are distinguishable from those of this appeal in that the worker in that case had not received any benefits under any other state's law, the central issue was whether New Mexico law should be applied. *Id.*, 92 N.M. at 791, 595 P.2d at 761. We see no principled reason why a nonresident involved in interstate trucking who is injured in New Mexico should receive the benefits of the Act while a resident similarly situated

should not. Also, in *Burns*, this Court rejected the argument now made by Employer. *See id.* at 793–95, 595 P.2d at 763–65 (Sutin, J., dissenting).

We have examined the authorities relied upon by Employer and find them unpersuasive insofar as they purport to apply to the issue here. *Mitchell v. Clowser*, 153 W.Va. 552, 170 S.E.2d 753 (1969), did not address the precise issue before us, nor did it address the language of the statute at issue in this appeal. Unlike Section 52–1–14, the statute at issue in *Birson v. Decatur Transfer & Storage, Inc.*, 271 Ala. 240, 122 So.2d 917 (1960), expressly exempted a "common carrier" doing interstate business and employees of a "common carrier" while engaged in interstate commerce from application of Alabama's workers' compensation law. *Id.*, 122 So.2d at 918. *Spohn v. Industrial Commission*, 138 Ohio St. 42, 19 O.O. 511, 32 N.E.2d 554 (1941), denied workers' compensation benefits under Ohio law to an Ohio resident who was employed as an interstate truck driver by a Michigan corporation and injured while driving in Ohio. However, that decision was limited soon after by *Holly v. Industrial Commission*, 142 Ohio St. 79, 26 O.O. 261, 50 N.E.2d 152 (1943), which held that, even though the worker was injured while working in interstate commerce, the worker could receive Ohio workers' compensation benefits because of certain intrastate aspects of the worker's work. *Id.*, 50 N.E.2d at 156. We therefore decline to adopt the holdings of those cases.

We believe the better view is that, in the absence of a clear statement from the legislature that it intended to exempt a certain category of employers from application of the Act, or proof that federal legislation governs the rights and liabilities of the parties if an employee engaged in interstate commerce is injured while so employed, we should apply the liability provisions under the Act. *See Collins v. American Buslines, Inc.*, 350 U.S. 528, 531, 76 S.Ct. 582, 584, 100 L.Ed. 672 (1956) (holding that widow and child of interstate bus driver killed while driving bus through Arizona could receive benefits under Arizona's workers' compensation law; a state's power of affording remedies for injuries committed within its boundaries "is not dislodged so long as the Federal Government has not taken over the field of remedies for injuries of employees on interstate buses as it has done in the case of employees of interstate railroad carriers"); *see also* 82 Am.Jur.2d *Workers' Compensation* §§ 33–35, at 47–50; *cf.* § 52–1–6(A) (excepting employers of private domestic servants and farm and ranch laborers from the Act). Reading the plain language of Section 52–1–14, we think it is clear that the legislature intended that the Act apply except where federal law regulating interstate commerce expressly preempts the provisions of our Act. This is not the case here. *See Buckingham Transp. Co. v. Industrial Comm'n*, 93 Utah 342, 72 P.2d 1077, 1083 (1937). As observed in 99 C.J.S. *Workmen's Compensation* Section 26(b) (1968):

> [I]n so far as congress has not already occupied the same field it is conceded that the states, under the police power reserved to them, have power to legislate with respect to the rights of employees engaged in interstate ... commerce to compensation for injuries sustained in the course of their employment.... [Footnotes omitted.]

Employer has not cited any authority, and we know of none, indicating the existence of federal legislation preempting coverage under the Act for injuries sustained by employees of interstate trucking firms. We thus conclude that there is none. Consequently, we hold that Employer is not a business "so engaged in interstate commerce as to be not subject to the legislative power of the state" and is thus not exempted from application of the Act under Section 52–1–14.

### 3. *Worker's Claims of Disputed Fact.*

Worker alleges that summary judgment was improper because there are two issues of material fact: (1) whether Worker waived his claim for benefits under the Act by accepting benefits under Indiana law, and (2) whether the employment contract was formed in New Mexico or Indiana. Because the judge based his grant of summary judgment on Section 52–1–66, and we find our interpretation of that statute to be

dispositive of the issues in this appeal, we do not reach the merits of these arguments and express no opinion regarding them.

### 4. *Attorney Fees.*

■ Worker requests attorney fees for the prosecution of this appeal. This request is premature because no compensation award has yet been made. *See* NMSA 1978, § 52–1–54(F) (Repl.Pamp.1991) (in determining reasonable attorney fees for a claimant, judge shall consider only those benefits attorney is responsible for securing); *Ortiz v. Ortiz & Torres Dri–Wall Co.*, 83 N.M. 452, 455, 493 P.2d 418, 421 (Ct.App.1972) (denying request for attorney fees for successful appeal in workers' compensation case because no award of compensation has yet been made). We thus decline to award Worker attorney fees for this appeal at this time. However, if any award of compensation is made to Worker on remand, we direct the judge to award Worker attorney fees for this appeal in addition to any other fees awarded, in light of the final award of compensation. *See Nelson v. Nelson Chem. Corp.*, 105 N.M. 493, 497, 734 P.2d 273, 277 (Ct.App.1987).

### CONCLUSION

We hold that the legislature intended for out-of-state employers employing fewer than three workers in the State of New Mexico to be exempt only from the administrative burden of obtaining and filing proof of workers' compensation insurance complying with New Mexico's statutory requirements, but not from liability for payment of benefits under the Act if they are otherwise subject to New Mexico's workers' compensation law. Consequently, we conclude that Worker's claim should not have been dismissed. We thus reverse and remand to the Workers' Compensation Administration for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

MINZNER, C.J., and DONNELLY, J., concur.